## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD

**TERRENCE LEVONE BLOUNT,**

        **Petitioner,**

**v.**                                       **Case No. 1:15-cv-13082**

**BARBARA RICKARD, Warden,**
**FCI McDowell,[1]**

        **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

### BACKGROUND AND PETITIONER'S CLAIM

**A.    The petitioner's conviction and direct appeal.**

On September 16, 2010, Petitioner pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute cocaine and

---

1   The proper respondent in a habeas corpus matter is the petitioner's custodian where he filed the petition. The current Warden at FCI McDowell is believed to be Barbara Rickard.   Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

cocaine base in the United States District Court for the Eastern District of North Carolina. (*United States v. Blount*, No. 2:10-cvr-00011-BO-1, ECF No. 25, 26).   Petitioner's plea agreement contained an appellate waiver provision.

On January 5, 2011, Petitioner was sentenced to 262 months in prison, followed by a five-year term of supervised release. (*Id.*, ECF No. 32).   Petitioner's sentence included an enhancement under the career offender guideline of the United States Sentencing Guidelines, USSG § 4B1.1.   Petitioner's objection to the career offender enhancement was overruled.

### B.    Petitioner's prior post-conviction filings.

Petitioner unsuccessfully appealed his sentence to the United States Court of Appeals for the Fourth Circuit, challenging the career offender enhancement.   *United States v. Blount*, No. 11-4051 (May 26, 2011).   The Fourth Circuit found that Petitioner knowingly and voluntarily waived his right to appeal as part of his guilty plea.   (*Id.*) Petitioner's petition for a writ of certiorari was denied by the Supreme Court on October 3, 2011.   *Blount v. United States*, No. 11-5598 (Oct. 3, 2011).   Thus, Petitioner's judgment became final on that date.

On September 24, 2014, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of North Carolina.   (No. 2:10-cr-00011-BO-1, ECF No. 50).   In that motion, Petitioner again challenged his sentencing enhancement under USSG § 4B1.1 in light of the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010) and the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 327 (4th Cir. 2011), as well as a claim that Petitioner should have been sentenced in accordance with the Fair

Sentencing Act of 2010.   (*Id.*)   On February 4, 2015, the United States District Court for the Eastern District of North Carolina denied the section 2255 motion as untimely and found that there was no basis for equitable tolling of the statute of limitations.   (No. 2:10-cr-00011-BO-1, ECF Nos. 60, 61).   Petitioner did not appeal that decision to the Fourth Circuit.

###### C.   Petitioner's section 2241 petition.

The instant section 2241 petition again challenges Petitioner's sentence under the Fourth Circuit's decisions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).   In *Simmons*, the Fourth Circuit overruled previous Circuit decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions rendered under a unique sentencing scheme, the court should look to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.   In *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), the Fourth Circuit held that *Simmons* applies retroactively to cases alleging actual innocence of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Here, Petitioner appears to contend that all but one of his prior North Carolina offenses do not qualify as predicate controlled substance offenses under the career offender guideline because his sentences for such crimes did not exceed one year.   Thus, Petitioner contends that he "is no longer a career offender after *Simmons* and is actually innocent of the career offender enhancement."   (ECF No. 1 at 6).   His petition further states:

> Petitioner presents that where *Simmons* has been ruled retroactive for substantive offenses – it is retroactive under the procedural context as well. Petitioner does not have the requisite prior convictions for the career

3

offender guideline enhancement where the prior convictions do not meet the felony definition under the federal drug statute – the priors do not exceed one year.   SEE ATTACHMENT "A" attached hereto in support.

(*Id.* at 7, 10-11).

## ANALYSIS

### A.    The petitioner is not entitled to relief under section 2241.

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed.   Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern District of North Carolina.   Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").   *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

4

This section is known as the "savings clause."   The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention.   *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241.   Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective to include sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

Petitioner cannot meet these criteria because *Simmons* was decided after Petitioner's direct appeal, but before he filed his untimely section 2255 motion in his court of conviction.   Moreover, Petitioner raised this exact claim in his section 2255 motion. The savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241.   Additionally, Petitioner's claim does not meet the narrow circumstances under which the Fourth

Circuit rendered *Simmons* retroactively applicable, as he was not convicted of a 922(g) offense.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241.   Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.   Additionally, in light of the fact that the petitioner has already unsuccessfully challenged his sentence on this basis in a prior 2255, the undersigned proposes that the presiding District Judge **FIND** that transfer of this action to Petitioner's court of conviction for consideration under section 2255 would be futile because such a motion would be an unauthorized second or successive motion.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen

days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

August 13, 2018

Dwane L. Tinsley
United States Magistrate Judge

7